UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:                                                              Case No.: 18-22294 (RDD)
                                                                    Chapter 11 Reorganization
QUINCY ST. III CORP.,

                            Debtor.
-------------------------------------------------------------X

## DECLARATION PURSUANT TO LOCAL RULE 1007

STATE OF NEW YORK       )
                                                    ss.:
COUNTY OF NEW YORK   )

      *Joel Rubinfeld*, duly declares under penalty of perjury:

      1.      I am a 100% equity owner of the above Debtor, am the President of the above Debtor, a New York corporation located at its offices at 6 Whisper Lane, Suffern, New York 10901. This affidavit is submitted by the Debtor-in-Possession, pursuant to the Local Rules of this Court, in connection with filing of a Chapter 11 case by the above Debtor.

      2.      The Debtor is a small business debtor within the meaning of the Bankruptcy Code.

      3.      The Debtor is in the business of owning and operating income producing real estate located at 299 Quincy Street, Brooklyn, New York 11216 (the "Real Property"). The Real Property consists of a two-family unit.

      4.      This Petition was filed upon the Debtor's learning of a "purported" foreclosure sale scheduled for February 22, 2018.

      5.      There is no unsecured creditors committee or other committee of creditors.

      6.      The Debtor does not have any other creditors other than the ones identified here.

      7.      This Debtor has the following disputed secured creditors: 1077 Madison Street

LLC holds the First Mortgage in the approximate principal amount of $513,600. There are also real estate tax liens due to NYC Department of Finance 59 Maiden Lane 19th Floor, New York, N.Y. 10038-4502 in the approximate amount of $2,532.

8. On or about November of 2013, Quincy was formed to purchase the Real Property from one Osbert Dickerson pursuant to Deed dated November 26, 2013. At that time, the Real Property was a shell totally empty and in need of a gut renovation. Over the next several years, Quincy arranged to renovate the Real Property, expending more than $200,000 to its present state whereby the Real Property has two rent paying tenants paying a total amount of $5,500. These amounts were expended by the Debtor through a combination of investment and loans to achieve an operating rent producing piece of real estate.

9. It appears that sometime on or about April 10, 2006 a mortgagee named New Century Mortgage issued a note and mortgage to Dickerson secured by the Real Property totaling $642,000.

10. It further appears that the mortgage was assigned from New Century Mortgage Corporation to Citigroup Global Markets Realty Corp. by assignment dated April 13, 2006.

11. Thereafter, it appears that an original foreclosure action was commenced (Index No. 34103/2006) on or about November 2006 seeking to foreclose with respect to the principal amount of $513,600 plus interest totaling $534,761. Plaintiff contended that the Defendant, Dickerson, purportedly defaulted. On or about January 26, 2007 although Plaintiff's purported predecessor alleged that an application was made for a default judgment and an Order of Reference (the Court File reflects only that a "motion fee" was paid), no motion was contained in the Court File, no Court Decision or Order issued and there exists no other document confirming or

2

establishing that the Motion for default judgment was ever filed.

12. The mortgage was thereafter assigned. The mortgage was assigned by Citigroup Global Markets Realty Corp. to US Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates Series 2006-NC1 by assignment dated April 10, 2008.

13. On May 27, 2008, a second foreclosure action was commenced against Dickerson (Index No. 15335/2008). It appears that on or about July 8, 2010 Plaintiff moved for an Order of Reference and default judgment in the second foreclosure action, which was withdrawn.

14. The mortgage was further assigned by US Bank National Association to Kondaur Capital Corporation by assignment dated April 27, 2010. Kondaur Capital Corporation further assigned the Note and Mortgage to North Shore Investors Realty Group LLC by assignment dated May 24, 2011.

15. North Shore Investors Realty Group LLC assigned the Note and Mortgage to My Portfolio, LLC by assignment dated May 18, 2011. A corrective assignment dated March 15, 2013 corrected the prior assignment dated May 18, 2011.

16. My Portfolio LLC assigned the Note and Mortgage to 1077 Madison Street LLC, the present purported assignee by assignment dated April 10, 2013. This purported assignee failed to file an assignment although years have passed.

17. The second foreclosure action was dismissed by Order of the Supreme Court based upon the non-prosecution of the action (six (6) years after it had been commenced). On or about June 2, 2014, Plaintiff moved to restore the second foreclosure action to the calendar. Dickerson moved by cross-motion to dismiss pursuant to CPLR § 3215(c) due to the six (6) year delay.

18. By Order of the State Supreme Court (Knipel) dated June 25, 2015 (Exhibit A), the

3

Court denied Dickerson's motion to dismiss the second foreclosure action under CPLR § 3215(c), substituted 1077 Madison Street LLC into the 2006 action, amending the caption and stating that the "current action [the second foreclosure action] is hereby disposed because of Plaintiff's failure to comply with 90-day Order".

19. On August 4, 2015, the Plaintiff moved in the first foreclosure action for an Order granting default judgment. On November 12, 2015, Dickerson made a motion in the first foreclosure action motion to dismiss under CPLR §3215(c).

20. In that Motion seeking default, Plaintiff referenced that Dickerson had transferred title to the Real Property to the Debtor by Deed dated November 26, 2013. However, Plaintiff never served or otherwise notified the Debtor of any of these proceedings.

21. On December 14, 2016, the New York State Supreme Court denied Dickerson's motion, granted the Order of Reference and scheduled the foreclosure.

22. The record reflects that despite Plaintiff's knowledge of the Debtor's interests as the title owner of the Real Property since November 26, 2013, recorded on December 3, 2013, Plaintiff never served any of the its foreclosure papers upon the Debtor, never interposed a Complaint against the Debtor and never proceed to enforce its alleged and purported rights against the Debtor. Furthermore, the record reflects that the lis pendens filed here were November 5, 2006 (expiring three (3) years later on November 9, 2009) and August 5, 2015.(Exhibit B) The Debtor, thus acquired its interest for value on November 26,2013, and without any knowledge of any of these proceedings identified above and is accordingly not bound by any of these matters. See 78 NY Jur. 2d Mortgages, Section 683.

23. Furthermore, it is also clear that the mortgage foreclosure is barred by the statute

4

of limitations as to the Debtor since both actions were commenced without naming the Debtor within the six (6) year period. The statute of limitations would have expired six (6) years after the date of default or June 1, 2012. Even if the statute could not have run until the Debtor obtained title in November 2013, more than four (4) years have lapsed since the Debtor had obtained title and no action had been brought or amended to include the Debtor as a defendant.

24. Expected receipts and disbursements for the next 30 days is attached as <u>Exhibit C</u> summary of the debtor's assets and liabilities are attached as <u>Exhibit D</u>.

25. I have served as President of the Debtor since its inception and own 100% of the equity of the Debtor. There are no other officers of the Debtor.

26. No property is within the possession of any party other than the Debtor.

27. The Debtor does not lease Premises but operates located at 6 Whisper Lane, Suffern, New York 10901.

28. The Debtor's books and records are maintained by the Debtor and the Debtor's Managing Agent, Front Gate Management located at 670 Myrtle Avenue, Suite 575, Brooklyn, New York 11205.

29. The Debtor's principal management and their history is identified above.

30. The Debtor believes that it will be able to negotiate a settlement with its creditors and propose a viable and confirmable Plan of Reorganization.

Duly declared under penalty of perjury:

March 5, 2018

*QUINCY ST. III CORP.*

By: */s/ Joel Rubinfeld*
Name: Joel Rubinfeld
Title: President

**Expenses and Income 30 days**

| | | | | |
|---|---|---|---|---|
| Expected Monthly Rental Income | $5,500 (two tenants) | | | |
| Expenses | | | | |
| Utilities | $320 | | | |
| Insurance | $290 | | | |
| Management Fee | $450 | | | |
| Water & Sewer | $130 | | | |
| Real Estate Taxes | $100 | | | |
| Electric-Power | $500 | | | |
| Cleaning | $250 | | | |
| Repairs | $350 | | | |

TOTAL EXPENSES        $2,390.00

# BALANCE SHEET

*Assets*

| | | |
|---|---|---|
| Property (Approximately) | | $750,000 |
| | **TOTAL** | **$750,000** |

*Liabilities*

| | | |
|---|---|---|
| Mortgage (Disputed) | | $400,000 |
| Unsecured (Approximately) | | $200,000 |
| DEP (Water & Sewer) | | $5,235.00 |
| National Grid | | $1,300.00 |
| Real Estate Tax | | $2,547.00 |
| | **TOTAL** | **$609,082.00** |