Leo Fox, Esq.
630 Third Avenue - 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                      Chapter 11

QUINCY ST III CORP.                                         Case No. 18-22294 (RDD)

                                                  Debtor.
-------------------------------------------------------------X

## OPPOSITION TO QUASH MOTION

TO:    THE HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE

The Opposition of the above Debtor, by Leo Fox, Esq., its attorney, to the Motion of Movant to Quash, respectfully represents.

1.      On February 22, 2018, the Debtor filed a Petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to act as a Debtor in Possession pursuant to § 1107 of the Bankruptcy Code.

2.      On March 12, 2018 slightly over two (2) weeks later, 1077 Madison Street LLC, (the "Assignee" and/or "Mortgagee"), moved to lift stay with respect to the Debtor's real property located at 299 Quincy Street, Brooklyn, New York (the "Real Property") contending cause exists under § 362(d)(1), (2) and (4). On March 28, 2018, the Debtor submitted its opposition to the lift stay motion alleging defenses including that the movant was not a holder for value and had knowledge of the Debtor's interest in the real property at the time that the movant purportedly obtained its assignment.

3.      On March 19, 2018, the Debtor served a subpoena deuces tecum upon My

Portfolio LLC, having an office and place of business at 390 North Broadway, Suite 130, Jericho, New York, 11753, Attn. Ira M. Bierman, Esq. The Debtor obtained this information by reviewing certain of the transfers by assignment of the mortgage in question. It appeared that North Shore Investors Realty Group, by Joseph J. Gherardi, identified as CEO, assigned the subject note and mortgage to My Portfolio LLC by assignment dated May 18, 2011, and issued a corrective assignment dated March 16, 2013. Thereafter, My Portfolio LLC, by the same Joseph J. Gherardi, purportedly assigned the note and mortgage to the movant herein (See exhibits C, D, and E, attached to the Debtor's Opposition to the Lift Stay Motion). The New York State Division of Corporation lists the address for service of process of North Shore Investors Realty Group as c/o Ira Bierman, Esq, with an address located in Syosset, New York. The assignment reflects that Ira Bierman notarized Joseph Gherardi' s signature. The assignment specifically identifies the address of My Portfolio LLC as 390 North Broadway, Jericho, New York. Thus, it is a contention of the Debtor that North Shore Investors Realty Group and My Portfolio LLC are affiliated entities having the same principals.

4. The Affidavit of Service of the subpoena (Exhibit A) reflect that the subpoena was served upon My Portfolio LLC at 390 North Broadway, Suite 130, Jericho, New York, Attn. Ira M. Bierman, Esq.

5. On March 22, 2018, the Debtor, by its attorney, inquired of Ira Bierman on the status of Mr. Bierman's obligation to provide documents. Thereafter, Mr. Bierman and Debtor's counsel had a discussion wherein Mr. Bierman indicated that Mr. Torchio was the person who could provide information and subsequently provided an email address for Mr. Torchio. Mr. Torchio and Debtor's counsel had a conversation on March 22, 2018, wherein Mr. Torchio

indicated that he would provide the documents, including a note sell agreement but requested a statutory basis for the subpoena. Debtor's counsel responded that the subpoena had been issued in an contested matter. Debtor's counsel confirmed the conversation by email, which was followed by a denial by Mr. Torchio of the above conversations. The Debtor delivered copies of the subpoena and the deposition date to the Debtor's counsel, Mr. Ravert. (copies of the emails dated March 22, 2018 are all attached hereto collectively as Exhibit B).

6. None of the movant's arguments have any merit. The Debtor may issue a subpoena in a "contested matter" under the Bankruptcy Rule 9014, which incorporates the discovery rules provided in an adversary proceeding. It has been noted that in connection with motions to Lift Stay, which generally has a very short time period for a hearing, that discovery may, and should, be conducted on an expedited basis in order to obtain disclosure of certain facts (SSEE 2 Bankruptcy Practice Handbook, §11.87 (2nd Edition)). Rule 9014 specifically contemplated the use of a deposition.

7. The reach of the subpoena is reachable and designed to collect information, which is non-privileged and reasonably targeted to the issues. Thus, the subpoena (attached as Exhibit A to the Motion to Quash) request the normal closing documents and files regarding the transfer by assignment and including the consideration, which have been paid by the movant for the mortgage. The other category of documents requested (request no. 4) seeks the litigation files involving the various foreclosure actions. Federal Rule 5 does not require discovery documents, such as subpoenas, to be filed in court.

8. My Portfolio LLC claims that it is unable to locate and produce documents as quickly as the notice required in the subpoena. As the emails evidence, My Portfolio LLC never

made such a claim at the time of the conversations. Certainly, the Debtor would have granted additional time.

9.  None of the movant's arguments should preclude movant's compliance with a lawfully issued subpoena. This continued chain of assignees should not be permitted to continue the perpetration of a fraud.

*WHEREFORE* it is respectfully requested that the Court deny the motion and grant such other and further relief as may be proper.

Dated: New York, New York
April 3, 2018

Respectfully submitted,

*/s/ Leo Fox*
Leo Fox (LF-1947)
Attorney for Debtor
630 Third Avenue - 18th Fl.
New York, New York 10017
212-867-9595
leo@leofoxlaw.com