UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>QUINCY ST III CORP.,<br><br>            *Debtor.* | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 18-22294 (RDD)<br>)<br>)<br>)<br>)<br>) |

**ORDER PURSUANT TO SECTION 362(d) OF THE
BANKRUPTCY CODE GRANTING LIMITED RELIEF FROM THE AUTOMATIC
STAY**

Upon the motion, dated March 12, 2018 [Docket No. 6] (the "Motion")[1] filed by 1077 Madison Street LLC (with any subsequent successor or assign, "1077 LLC"), pursuant to sections 362(d)(1), (2) and (4) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for relief from the automatic stay to continue to pursue its state law rights against the above-captioned debtor and debtor in possession (the "Debtor") with respect to that certain two-family, investment property located 299 Quincy Street, Brooklyn, NY 11216 [Block 1803, Lot 66] (the "Property"); and upon the Declaration of Elliot Frankel, dated March 12, 2018, in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334(b), consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

- 2 -

Court having reviewed the Motion, the Debtor's objection thereto [Docket No. 20] (the "Objection"), and 1077 LLC's reply to the Objection [Docket No. 25]; and no other papers having been filed in response to the Motion; and after a hearing before this Court on April 10, 2018 (the "Hearing"), the Court having determined that the legal and factual bases, including those set forth in the Motion and at the Hearing, establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and for the reasons stated on the record at the Hearing, it is hereby ORDERED that:

1. The Motion is granted solely to the extent set forth herein.

2. The automatic stay under section 362(a) of the Bankruptcy Code is hereby lifted pursuant to section 362(d)(1) of the Bankruptcy Code to allow (i) the Debtor to seek relief on any appropriate grounds under New York law or the U.S. Constitution from that certain state court judgment of foreclosure and sale entered on December 19, 2017 by Hon. Lawrence Knipel in that state court foreclosure action in the New York State Supreme Court for Kings County, Index No. 34103/2006 and (ii) 1077 LLC to oppose any such request for relief.

3. The Debtor shall have sixty days from April 10, 2018 (the "60-Day Period") to seek the relief described in Paragraph 2 above.  If the Debtor fails to seek such relief within the 60-Day Period, or upon a final ruling by the state court on such application for relief, this Court shall conduct a hearing on shortened notice on the Motion or upon such other relief as is appropriate in light of such ruling.

Dated: April 30, 2018
      White Plains, New York

/s/Robert D. Drain
United States Bankruptcy Judge